UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NAVARRO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JJJ GROUP INC dba HARLEY<br>GRAY KITCHEN and BAR, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18cv1308-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

　　On June 18, 2018, Plaintiff Anthony Navarro initiated this action by filing a Complaint (ECF No. 1) and a Motion to Proceed In Forma Pauperis (ECF No. 2).

**I.　MOTION TO PROCEED IN FORMA PAUPERIS**

　　All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The affidavit filed by Plaintiff states that he is unable to pay the costs of these proceedings and that he "does not have enough money now to live." (ECF No. 2 at 1, 2). The affidavit states that Plaintiff is unemployed, has an average income of $930 per month in disability payments, and does not have any money in a bank account. The affidavit states that Plaintiff's average monthly expenses are around $905. *Id.* After considering Plaintiff's motion and affidavit, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## II.  INITIAL SCREENING OF THE COMPLAINT

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se.[1] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

---

[1] Plaintiff is represented by counsel in this action.

2

In this case, Plaintiff alleges that he is "mobility impaired," uses a wheelchair, and is "classified as having a physical impairment." (ECF No. 1 at 5). Plaintiff alleges that he was denied "full and equal access to HARLEY GRAY KITCHEN and BAR" on November 14, 2017 "because the property was inaccessible to individuals belonging to the disabled community who use wheel chairs for mobility." (ECF No. 1 at 5). Plaintiff brings the following causes of action against Defendants: (1) violation of Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (2) violation of California Civil Code §§ 51, 52; (3) negligence per se; (4) negligence; (5) declaratory relief; and (6) injunctive relief. (ECF No. 1). Upon review, the Court concludes that Plaintiff's Complaint adequately states a claim for purposes of the sua sponte screening required under 28 U.S.C. § 1915(e). Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.").

### III. CONCLUSION

IT IS HEREBY ORDERED that the motion to proceed in forma pauperis is GRANTED. (ECF No. 2). The Clerk of Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 and the designated copies of this Order and the complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Form 285.

Dated: July 5, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court